UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>*vs.* )<br>)<br>PAUL M. HUSKISSON, )<br>)<br>*Defendant*. ) | No. 1:16-mj-00107-DML-1 |

**ORDER**

On February 8, 2016, Defendant Paul Huskisson was charged by Complaint with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Filing No. 2.] At Mr. Huskisson's initial appearance, the Government moved for pretrial detention, and Magistrate Judge Debra McVicker Lynch set a hearing on the Government's motion. [Filing No. 14.] Magistrate Judge Denise LaRue held a detention hearing on February 11, 2016, and denied the Government's motion for pretrial detention. [*See* Filing No. 26.] Presently pending before the Court is the Government's Motion for Reconsideration of Release Order. [Filing No. 22.]

The Court held a hearing on the Government's motion on February 25, 2016. Mr. Huskisson was present in person and by counsel John Tompkins. The Government was present by counsel Brad Blackington, and by Drug Enforcement Agency ("DEA") Special Agent Michael Cline. Jamie Roberts of the United States Probation Office was also present. The Court Reporter was Jean Knepley.

At the outset of the hearing, the Court informed the parties that it had listened to the recording of Mr. Huskisson's detention hearing in front of Magistrate Judge LaRue, so was familiar

with the evidence presented at that hearing.  The Government then clarified that it did not believe Mr. Huskisson's statement on the day of his arrest that he wanted "another 45" was related to a weapon, but rather was related to seeking additional time to complete a drug deal.  Accordingly, the Government advised that it was not relying on that statement to argue that Mr. Huskisson is a danger to the community.  The Court acknowledged the Government's withdrawal of that argument.

The Government orally moved that the Complaint be admitted into evidence, Mr. Huskisson did not object, and the Court so ordered.

Mr. Huskisson called his brother, Christopher Huskisson, as a witness and he was sworn in and provided testimony.  The Government then called Special Agent Cline as a witness, and he was sworn in and provided testimony.  Counsel for both parties provided argument, and the Court issued its decision.  The Court **GRANTED** the Government's Motion for Reconsideration, [Filing No. 22], **REVERSED** the Magistrate Judge's decision, and **ORDERED** Mr. Huskisson detained pending further Court order.  The following is the Court's rationale for doing so.

## I.
### FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

18 U.S.C. § 3145(a) provides:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]  The motion shall be determined promptly.

The district court may review the magistrate judge's findings *de novo*, and may hold a new detention hearing.  *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  The Court notes at the

---

[1] To the extent that any findings of fact should be considered conclusions of law, they should be deemed to be such.

outset that it has listened to the record of the detention hearing held by the Magistrate Judge and reviewed the evidence introduced, as well as the parties' briefs.

The Court's inquiry into whether Mr. Huskisson should remain detained prior to trial is guided by the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. *See* 18 U.S.C. § 3142(g). These factors help the Court determine whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community…." *Id.*

At the hearing, the Government conceded that Mr. Huskisson does not pose a risk of flight. Accordingly, the Court will consider the § 3142(g) factors to determine whether conditions of release could reasonably ensure the safety to any person or the community. The Government usually bears the burden of proof and must prove dangerousness to any other person or to the community by clear and convincing evidence. 18 U.S.C. §3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). However, in a case such as this, involving a charge of drug trafficking, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community…." 18 U.S.C. § 3142(e). In order to

rebut the presumption, the defendant must produce evidence "showing that there are conditions of release that would reasonably assure that he will not engage in dangerous criminal activity or threaten the safety of the community pending trial." *United States v. Mire*, 2011 WL 6012599, *2 (S.D. Ind. 2011).

**Nature of the offense.**

A Confidential Informant advised Special Agent Cline that he had purchased methamphetamine from Mr. Huskisson on three to four occasions between mid-October 2015 and mid-February 2016, and that a co-defendant in this case was Mr. Huskisson's source for methamphetamine. The Confidential Informant advised that each prior purchase involved multiple pounds of methamphetamine, and that the purchases took place either at No Limit, LLC, a business owned by Christopher Huskisson and which employed Mr. Huskisson, or 612 LaClede Street in Indianapolis, Mr. Huskisson's residence. The Confidential Informant also advised Special Agent Cline that he observed Mr. Huskisson selling methamphetamine to other customers.

At the direction of Special Agent Cline, the Confidential Informant arranged a controlled buy with Mr. Huskisson for February 6, 2016. During the controlled buy, the Confidential Informant observed a large quantity of methamphetamine, which turned out to be five pounds of methamphetamine. After the controlled buy, the DEA executed search warrants at No Limit and at Mr. Huskisson's residence. At No Limit, Special Agent Cline recovered a money counter and a digital scale. The scale has not yet been tested for drug residue. At Mr. Huskisson's residence, Special Agent Cline recovered $10,000 to $11,000 in United States currency, methamphetamine, packaging materials, and a money counter. Given the quantity of methamphetamine, and its potential impact on the community, the nature and circumstances of the offense charged are serious.

**Weight of the evidence.**

Additionally, the Court finds, for the purposes of the issue of detention only, that the weight of the evidence against Mr. Huskisson – as discussed above – is strong.

**History and characteristics**.

As to Mr. Huskisson's history and characteristics, 18 U.S.C. § 3142(g)(3) instructs the Court to consider Mr. Huskisson's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.  Mr. Huskisson has lived in Indiana his entire life.  His parents and children all reside in Indiana.  He has a criminal history that includes convictions for drug dealing and invasion of privacy.  The latter involved a violation of a court order, and shows disregard for the law.  Looked at as a whole, however, Mr. Huskisson's history and characteristics rebut the presumption of detention with respect to risk of flight, as the Government has conceded, but not with respect to the danger to the community, as discussed further below.

**Danger to the community.**

Finally, as to the nature and seriousness of the danger to any person in the community, the Court recognizes that the Government has not presented any evidence that Mr. Huskisson threatened the Confidential Informant, that Mr. Huskisson had any weapons, or that there had been any previous police runs either to Mr. Huskisson's residence or to No Limit.  However, in arguing for release, Mr. Huskisson only considers one aspect of the danger of drug trafficking – physical violence. Another danger, and a significant one, is the devastating toll drug use and drug addiction

can take on society, and on drug users and their families. The DEA seized five pounds of methamphetamine when Mr. Huskisson was arrested. This is a significant amount, which has the potential to inflict a great deal of harm on the community.

Further, the only evidence Mr. Huskisson set forth to rebut the presumption of detention related to his ties to the community and the fact that he could continue to work at No Limit if he is released pending trial. Those facts do nothing to rebut the presumption of detention with respect to danger, because the evidence is that Mr. Huskisson dealt methamphetamine from both his residence and his place of employment. Those conditions were in place at the time of the alleged crimes, and wholly fail to provide any assurance of community safety.

## II.
### CONCLUSION

In sum, based on the four factors above, the Court finds that Mr. Huskisson has not presented adequate evidence to rebut the presumption of detention when a crime of this nature is involved. The Government has established by clear and convincing evidence that there would be a danger to the community if Mr. Huskisson were released pending trial, and that there are no conditions of release that would prevent that danger. Accordingly, the Court **GRANTS** the Government's Motion for Reconsideration of Release Order, [Filing No. 22], **REVERSES** the decision of the Magistrate Judge, and **ORDERS** that Mr. Huskisson be remanded to the custody of the United States Marshal pending his trial.

The Court further **ORDERS** that Mr. Huskisson: (1) shall be held in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; (2) shall be afforded reasonable opportunity for private consultation with counsel; and (3) shall, on order of the Court or on request of an attorney for the Government, be delivered to the United States Marshal by the correctional facility for appearances in connection

with a court proceeding.

Date:  February 29, 2016                     _____
                                                     Hon. Jane Magnus-Stinson, Judge
                                                     United States District Court
                                                     Southern District of Indiana

**Distribution via ECF only to all counsel of record**